<hr />

### SUCHAN v. STATE.

### Opinion delivered December 4, 1922.

1. CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—Where, on
an indictment of one as principal for manufacturing intoxicat-
ing liquor, the court by its instruction distinguished between the
liability of a principal and of an accessory, an instruction that,
to warrant conviction, the jury must find that he not only had
knowledge that whiskey was being made, "but that he either
aided, abetted, assisted, or was present and encouraged some
one else to violate the law in the manufacture of this liquor,"
was not open to a general objection as authorizing a conviction
of defendant as accessory after the fact when he was indicted
as principal.

2. CRIMINAL LAW—INSTRUCTION.—An instruction that the jury
must find "either from the evidence or from the circumstances
and surroundings connected therewith that appellant was guilty"
was not prejudicial where the concluding paragraph of the in-
struction made it clear that the court was not authorizing the
jury to consider any circumstances which had not been offered
in evidence.

3. CRIMINAL LAW—FAILURE TO DEFINE "CONCEAL."—Where, in a
prosecution for manufacturing intoxicating liquor, the court in-
structed that "if, with knowledge of the crime, they conceal it

from the officers they would be accessories after the fact," there was no error in not defining the word "conceal," in the absence of a request therefor.

4. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* to sustain conviction of manufacturing intoxicating liquor.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*Gregory & Holtzendorff,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH, J. Two indictments were returned against appellant, and, with his consent, he was tried on both of them at the same time. One indictment charged him with the crime of manufacturing intoxicating liquor, and the other indictment charged him with having in his possession a still which was used and was intended to be used in manufacturing distilled intoxicating liquor. He was acquitted on the charge of possessing a still, but was convicted on the charge of manufacturing liquor. Appellant's father was indicted jointly with him, and entered a plea of guilty, and was sentenced to a term in the penitentiary by the court.

The testimony on the part of the State was to the following effect: Hopper, a Federal prohibition agent, accompanied by two deputies, who testified at the trial, searched appellant's home under a search warrant, and found a distilling outfit in full operation in an outhouse in the rear of the yard. They found five quarts of whiskey and a stillworm, and some mash that appeared to have been used, and above five gallons of distilled liquor. The still was of twelve to fifteen-gallon capacity, and was about two-thirds full of mash, and was setting on a little three-burner oil stove, and a quart fruit jar was under the worm, catching the liquor from the still.

Appellant was asked by the officers who owned and operated the still, and he first said it was his mother's, but he later said it belonged to him and his father, and that they operated it and manufactured and sold the liquor. At the time of the raid appellant was working in

a house across the road about forty yards from where the still was located. The officers were informed by appellant's mother that appellant had the key to the house in which the still was located; but he denied having it, and the officers opened the door with a chisel.

Appellant testified that he was twenty-eight years old, and that he lived with his father, who owned and operated the still, and that he had nothing to do with its operation. He denied, at his trial, that he had the key to the house, or that he had been asked to produce it, and testified further that he was not present when the officers broke into the house, and he did not know how they entered it.

The court instructed the jury, in a general charge, to which there was no objection, and then gave the following instruction: "Every person who was present aiding, abetting, advising or encouraging or assisting in or assenting to another committing a felony is indictable as a principal; if they are not present but have encouraged, advised others to commit the crime, they would be an accessory before the fact. If, with the knowledge of the crime that has been committed, they conceal it from the officers, they would be an accessory after the fact. The indictment in this case charges this man with being a principal in the manufacture of that whiskey. In order for you to be warranted in convicting him, you must find, either from the evidence or from the circumstances and surroundings connected therewith, that he not only had knowledge of the fact that whiskey was being made there, but that he either aided, assisted, or was present and encouraged some one else to violate the law in the manufacture of this liquor.

"The State relies here in this case upon a conviction from the circumstances as disclosed by the testimony and admissions against interest upon the part of the accused at the time of the arrest. The defendant denies the admissions that the State's witnesses testify he made. That is a question of fact for you to decide and deter-

mine as to the truthfulness or falsity of the conflicting
and irreconcilable statements of the witnesses for the
State and the defendant in his own behalf."

Appellant objected to the instruction, but made no
specific objection to it.

It is insisted that the instruction was prejudicial
because it defined an accessory after the fact, when ap-
pellant was not charged as such, and it is urged that the
jury may have convicted him because he did not inform
on his father. The instruction is not happily phrased,
and is somewhat abstract, but the court was apparently
attempting to apply the law to the issues joined. No one
was actually present at the still when it was found, and
appellant denied that he had anything to do with it.
The instruction first declared who were principals, and
then who were accessories after the fact, for the purpose,
evidently, of distinguishing between the two offenses,
and, after doing so, the instruction told the jury that
the indictment charged appellant with being a principal,
and that "in order for you to be warranted in convict-
ing him, you must find, either from the evidence or from
the circumstances and surroundings connected therewith,
that he not only had knowledge of the fact that whiskey
was being made there, but that he either aided, abetted,
assisted or was present and encouraged some one else
to violate the law in the manufacture of this liquor."

We do not understand the court was submitting the
question whether appellant was an acccessory before the
fact. Under the indictment his presence was necessary,
but we think this was the thought the court was attempt-
ing to convey to the jury; and, if appellant was present
aiding and abetting or assisting in the manufacture of
the liquor, or was present and encouraged some one else
to do so, he was guilty, under the allegations of the in-
dictment. As we have said, the instruction is not happily
phrased, but its defects are such that a specific objection
should have been made to it. *Hunter* v. *State,* 104 Ark.
247.

The instruction is unhappily phrased in telling the jury that they must find, "either from the evidence or from the circumstances and surroundings connected therewith," that appellant was guilty. Of course, the circumstances and surroundings were a part of the evidence; but the thought evidently in the court's mind was that there was not only testimony that appellant had admitted his guilt, but there were circumstances tending to prove guilt, and that both could be considered. The concluding paragraph of the instruction makes it clear that the court was not authorizing the jury to consider any "circumstances and surroundings connected therewith" which had not been offered in evidence.

It is objected that the court did not define the word "conceal" as employed in the instruction. But no request was made that this be done.

Objection is also made to the part of the instruction which told the jury that the State also relied on the "admissions against interest upon the part of the accused at the time of the arrest," the ground of the objection being that appellant did not deny the admissions that the State's witnesses testified he made, the argument being that the statement by the court that there was a conflict in the testimony between the State's witnesses and appellant would tend to cause the jury to discredit appellant's testimony as a witness. There can be nothing in this objection, for the reason that the officers testified that appellant admitted to them that he and his father owned the still and were making the whiskey, and the purport of appellant's entire testimony was to deny the charge, otherwise appellant would be without a defense.

It is also insisted that the verdict was without substantial testimony to support it. But it appears, from the statement of facts set out above, that the testimony is legally sufficient to sustain the verdict.

No error appearing, the judgment is affirmed.